IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOREN R. STAINS, | No. 1:18-CV-02226 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Magistrate Judge Arbuckle) |
| BENJAMIN FRANTZ, et al., | |
| Defendants. | |

**ORDER**

**SEPTEMBER 3, 2021**

Loren R. Stains filed a 42 U.S.C. § 1983 civil rights complaint, which he later amended, alleging that numerous individuals violated his constitutional rights by allegedly using excessive force during Stains' arrest following a high-speed vehicle pursuit.[1] On August 16, 2021, Magistrate Judge William I. Arbuckle issued a Report and Recommendation recommending that this Court grant in part and deny in part Defendant Patrick Hinds' motion for summary judgment.[2] Specifically, Magistrate Judge Arbuckle recommends that Stains' request for declaratory judgment and his claim for intentional infliction of emotional distress be dismissed, but his federal claim for a violation of the Fourth Amendment and state claims for assault and

---

[1] Doc. 9.
[2] Doc. 79.

battery be allowed to proceed, along with his request for punitive damages.[3] No timely objections have been filed to this Report and Recommendation.

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[4] Regardless of whether objections are made, district courts may accept, reject, or modify—in whole or in part—the findings or recommendations made by the magistrate judge.[5] Upon review of the record, the Court finds no clear error in Magistrate Judge Arbuckle's Report and Recommendation, and therefore adopts that Report and Recommendation.

The Court notes, however, that Stains' conduct in this case strongly indicates that he has abandoned this action. After Hinds filed his motion for summary judgment, Magistrate Judge Arbuckle ordered that Stains file a response by October 28, 2020; ten months have now elapsed without a response from Stains.[6] Indeed, Stains has filed nothing with the Court since he submitted a motion to appoint counsel on June 3, 2020—fifteen months ago.[7] Stains is warned that, should he

---

[3] *Id.*
[4] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that courts should in some manner review recommendations regardless of whether objections were filed).
[5] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[6] Doc. 73. This was not the first time that Stains failed to file a response brief as directed by Magistrate Judge Arbuckle. Defendants previously filed a motion to compel Stains' deposition, and Magistrate Judge Arbuckle ordered that Stains respond to that motion. Docs. 61, 64. Stains failed to file a response and, accordingly, Magistrate Judge Arbuckle deemed the motion unopposed. Doc. 65.
[7] Doc. 59.

persist in his failure to prosecute this case, the Court may deem this action abandoned and dismiss it accordingly.[8]

Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge William I. Arbuckle's Report and Recommendation (Doc. 79) is **ADOPTED**;

2. Hinds' motion for summary judgment (Doc. 67) is **GRANTED** in part and **DENIED** in part: Stains' request for declaratory judgment and claim of intentional infliction of emotional distress are **DISMISSED**, although Stains' remaining claims against Hinds shall proceed; and

3. A telephonic status conference call shall be scheduled by separate Order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[8] *See Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984) (setting forth factors that courts must consider before dismissing an action for failure to prosecute).